UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-61004-CIV-DIMITROULEAS/SNOW

MICHAEL CUMINALE,

     Plaintiff,

     vs.

ANDREW M. SAUL,
COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

     Defendant.

_____/

## REPORT AND RECOMMENDATION

This cause is before the Court on Plaintiff's Complaint seeking judicial review of a final decision of the Social Security Administration denying the Plaintiff's application for disability benefits. The Complaint was filed pursuant to the Social Security Act, 42 U.S.C. § 401, et seq., and was referred to United States Magistrate Judge Lurana S. Snow for Report and Recommendation.

## I. PROCEDURAL HISTORY

The Plaintiff filed an application for disability benefits on September 23, 2015, alleging disability since September 10, 2015, as a result of back pain and other ailments. The application was denied initially and upon reconsideration. The Plaintiff then requested a hearing, which was held before Administrative Law Judge James Andres on November 6, 2017. The Administrative Law Judge (ALJ) found that the Plaintiff was not disabled within the meaning of the Social Security Act. The Appeals Council remanded the case to the ALJ for further proceedings. A second administrative hearing was held before Judge Andres on April 15, 2019, after which the ALJ again found that the Plaintiff was not disabled. The Appeals Council denied

the Plaintiff's request for review on March 24, 2020.  The Plaintiff then filed this action seeking judicial review of the decision of the Commissioner.

On June 14, 2021, the undersigned issued a Report and Recommendation recommending that the Plaintiff's Motion for Summary Judgment be denied and the Commissioner's Motion for Summary Judgment be granted.  (ECF No. 28)  The Plaintiff filed his objections to the Report and Recommendation arguing for the first time that his case should have been reassigned to a properly appointed ALJ under the Appointments Clause of the United States Constitution.  On September 7, 2021, this Court entered an Order approving the Report and Recommendation, but referring the newly raised claim for a consideration by the  undersigned.  (ECF No. 30)  Subsequently, the Commissioner filed his Response to the Plaintiff's Objections (ECF No. 32) and the Plaintiff filed a Reply (ECF No. 35).  The issue referred to the undersigned is now ripe for review.

## II. DISCUSSION

The Plaintiff asserts that because the ALJ was not properly appointed at the time of his initial decision, the case should  have been assigned to a different  ALJ. The Defendant argues that this issue was waived by the  Plaintiff  by  failing to present it to the undersigned or, alternatively, that the Plaintiff's case was decided by a properly appointed ALJ because by the time of remand by the Appeals Council, the Acting Commissioner of the Social Security Administration had ratified ALJ Andres' appointment.

The Appointments  Clause provides that the  President of  the United States has the power to "appoint Ambassadors, other public Ministers and Consuls, Judges of the supreme Court, and all other Officers of the United States," except that "the Congress may by Law vest the Appointment of such inferior Officers, as they think proper, in the President  alone, in the   Courts of Law, or   in the Heads of

Departments." Thus, any inferior officer who, by statute, is not appointed by the President, must be appointed by a court of law or a department head.

In Freytag v. Commissioner of Internal Revenue, the Supreme Court held (1) special trial judges of the United States Tax Court are "inferior Officers," as opposed to mere employees, for purposes of the Appointments Clause and (2) the statute which vested authority to appoint the special trial judges in the Chief Judge of the Tax Court was constitutional because the Chief Judge qualified as a "Court of Law." 501 U.S. 868, 882, 891 (1991). On June 21, 2018, the Supreme Court relied on Freytag to hold that ALJs of the Securities and Exchange Commission (SEC) also are "inferior Officers" and their appointment by SEC staff members, rather than the Commission proper, did not comply with the Appointments Clause. Lucia v. Securities and Exchange Commission,138 S. Ct. 2044, 2055 (2018).

The Lucia Court noted that "'one who makes a timely challenge to the constitutional validity of the appointment of an officer who adjudicates his case "is entitled to relief," which relief was remand to the agency for a new hearing by a properly appointed official. Id. at 2055 (citing Ryder v. United States, 515 U.S. 177, 182–83 (1995)). The court added that the properly appointed official could not be Judge Elliott, who had decided the original case

> even if he has by now received (or receives sometime in the future) a constitutional appointment. Judge Elliot has already both heard Lucia's case and issued an initial decision on the merits. He cannot be expected to consider the matter as though he had not adjudicated it before. To cure the constitutional error, another ALJ (or the Commission itself) must hold the new hearing to which Lucia is entitled.

Id.

In response to <u>Lucia</u>, on July 16, 2018, the Acting Commissioner of Social Security ratified the appointments of all Social Security ALJ's.  On March 25, 2019, the Social Security Administration issued Social Security Ruling (SSR) 19-1p to address how the Appeals Council would adjudicate appeals in which the claimant timely raises an Appointments Clause challenge to the authority of the ALJ who decided or dismissed a claim.  The Ruling prescribes that when the Appeals Council grants review to such a challenge, it must vacate the hearing decision  or  dismissal and, in cases where the ALJ made a decision, "the Appeals Council will conduct a new and independent review of the claims file and either remand the case to an ALJ other than the ALJ who issued the decision under review, or issue its own new decision about the claim covering the period before the date of the ALJ's decision." Additionally, "the Appeals Council  will not presume that the prior hearing decision was correct."

On April 22, 2021, the United States Supreme Court held in <u>Carr v. Comm'r of Soc. Sec.</u>, that a Social Security claimant was not required  to  administratively exhaust a claim that the ALJ who decided his or her case was not properly appointed under the Constitution, and such a claim could be raised for the first time in federal court. 141 S. Ct. 1352, 1362 (2021).  <u>Carr</u> did not address the issue of whether the failure to raise such a claim in proceedings before a United States Magistrate Judge could bar the claimant from presenting it to the United States District Judge in objections to a Report and  Recommendation.   In the instant case, the Plaintiff's Motion for Summary Judgment (ECF No. 20), was filed on March 22, 2021, prior to the decision in <u>Carr</u>.  Under all the circumstances, the undersigned finds that this Court was entitled to exercise its discretion to consider the constitutional issue first raised by the Plaintiff in his objections to the undersigned's Report and Recommendation.

The Commissioner argues that the Plaintiff's disability claim was decided by a properly appointed ALJ because ALJ Andres' appointment had been ratified by the time the case was remanded by the Appeals Council.  However, both <u>Lucia</u> and SSR 19-p specify that in order to cure the constitutional deficiency, the Plaintiff's case had to be assigned to a different ALJ.  Accordingly, the Plaintiff's Motion for Summary Judgment must be granted and the case remanded for a decision by an ALJ other than Judge Anders.  <u>See</u>, <u>Welch v. Comm'r of Soc. Sec.</u>, No. 20-cv-01795, 2021 U.S. Dist. LEXIS 89478 (S.D. Ohio May 11, 2021) adopted by  2021 U.S. Dist. LEXIS 99408 (S.D. Ohio. May 26, 2021).

## III. <u>CONCLUSION</u>

This Court having  considered carefully the pleadings, arguments of counsel, and the applicable case law, it is hereby

RECOMMENDED that the Plaintiff's Motion for Summary Judgment be GRANTED, in part, and this matter be remanded to the Commissioner for re-assignment to a different ALJ.   It is further RECOMMENDED that the Commissioner's Motion for Summary Judgment be DENIED.  The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with  the Honorable

William P. Dimitrouleas , United States District Judge.  Failure to file objections timely shall bar the parties from a <u>de novo</u> determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained therein, except upon grounds of plain error if necessary in the interest of justice.  <u>See</u> 28 U.S.C. § 636(b)(1); <u>Thomas v.</u>

Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 15th  day of October, 2021.

_____
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:
The Honorable William P. Dimitrouleas
All Counsel of Record