UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-61004-DIMITROULEAS/SNOW

MICHAEL CUMINALE,

    Plaintiff,

vs.

ANDREW M. SAUL,
COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

    Defendant.
_____/

## ORDER APPROVING REPORT OF MAGISTRATE JUDGE; OVERRULING OBJECTIONS; REMANDING MATTER

THIS CAUSE is before the Court upon the Report and Recommendation of Magistrate Judge Snow (the "Report") [DE 36], filed herein on October 15, 2021. The Court has conducted a *de novo* review of the Report [DE 36], has carefully considered Defendant's Objections [DE 37], Plaintiff's Response to Defendant's Objections [DE 38], and is otherwise fully advised in the premises.

### I.    BACKGROUND

The Plaintiff filed an application for disability benefits on September 23, 2015, alleging disability since September 10, 2015, as a result of back pain and other ailments. The application was denied initially and upon reconsideration. The Plaintiff then requested a hearing, which was held before Administrative Law Judge James Andres on November 6, 2017. The Administrative Law Judge (ALJ) found that the Plaintiff was not disabled within the meaning of the Social Security Act. The Appeals Council remanded the case to the ALJ for further proceedings. A

1

second administrative hearing was held before Judge Andres on April 15, 2019, after which the ALJ again found that the Plaintiff was not disabled. The Appeals Council denied the Plaintiff's request for review on March 24, 2020.   Plaintiff then filed this action on May 21, 2020, seeking judicial review of the decision of the Commissioner.

On June 14, 2021, Magistrate Judge Snow issued a Report and Recommendation, recommending that Plaintiff's Amended Motion for Summary Judgment [DE 25] be denied and that Defendant's Motion for Summary Judgment be granted. *See* [DE 28].   In her Report, Magistrate Judge Snow explained the reasons that the ALJ gave greater or lesser weight to different portions of the Plaintiff's treating physicians' opinions. *See* [DE 28].   Upon review of the record, the Court agreed with the reasoning, conclusions, and recommendations of the Magistrate Judge. *See* [DE 30].

However, as the Court noted in its September 7, 2021, Order, Plaintiff raised for the first time in this case – as Part II to his Objections to the Report and Recommendation – that Plaintiff's case should have been reassigned to a properly appointed ALJ under the Appointments Clause of the United States Constitution, relying on the recent United States Supreme Court decision in *Carr v. Saul*, 141 S. Ct. 1352 (2021), which he argues implicates his constitutional rights. *See* [DE's 29, 30].   Plaintiff contended that the interests of justice require that either this Court rule on this constitutional issue or that the case be recommitted to the Magistrate Judge with instructions to take further briefing on this issue. *See* [DE 29].   As this issue was not presented to the Magistrate Judge, had not been briefed, and had not been addressed by Defendant, the Court agreed with Plaintiff that the case should be recommitted to the Magistrate Judge with instructions to take further briefing on this issue. *See* [DE 30].

Accordingly, in its September 7, 2021 Order, the Court approved the Magistrate Judge's

Report and Recommendation [DE 28]; overruled Plaintiff's Objections [DE 29] as to Part I of the Objections, which addressed the Report and Recommendation and the underlying summary judgment motions; granted Defendant's Motion for Summary Judgment [DE 21]; denied Plaintiff's Amended Motion for Summary Judgment [DE 25]; and referred this case back to the Magistrate Judge with instructions to take further briefing and for a report and recommendation on the issue raised in Part II of Plaintiff's Objections to the Report and Recommendation – that Plaintiff's case should have been reassigned to a properly appointed ALJ under the Appointments Clause of the United States Constitution pursuant to *Carr v. Saul*, 141 S. Ct. 1352 (2021). *See* [DE 30]. Subsequently, Defendant filed his Response to the Plaintiff's Objections [DE 32] and Plaintiff filed a Reply [DE 35].

On October 15, 2021, Magistrate Judge Snow issued a Report and Recommendation, recommending that Plaintiff's Motion for Summary Judgment be granted in part, that Defendant's Motion for Summary Judgment be denied, and that this matter be remanded to the Commissioner for reassignment to a different ALJ. *See* [DE 36].

## II.     STANDARD OF REVIEW

A party seeking to challenge the findings in a report and recommendation of a United States Magistrate Judge must file "written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). "It is critical that the objection be sufficiently specific and not a general objection to the report." *Macort*, 208 F. App'x at 784 (citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984)). If a party makes a timely and specific objection to a finding in the report and recommendation, the district court must conduct a *de novo* review of the portions of the report to

which objection is made. *Macort*, 208 F. App'x at 783-84; *see also* 28 U.S.C. § 636(b)(1). The district court may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. *Macort*, 208 F. App'x at 784; 28 U.S.C. § 636(b)(1). Accordingly, the Court has undertaken a *de novo* review of the record and the Plaintiff's objections.

### III.   DISCUSSION

The Magistrate Judge, after analyzing the parties' arguments, recommends that the appropriate remedy in this case is that this matter be remanded to the Commissioner for reassignment to a different ALJ.. *See* [DE 36].   Defendant objects, arguing that the ALJ's decision should be affirmed because at all times relevant to the ALJ's July 16, 2019 decision, the ALJ had been properly appointed by the Commissioner of Social Security, and therefore, the fact that the ALJ was not properly appointed when Plaintiff previously appeared before that same ALJ in his 2017 original administrative hearing is not relevant, as the ALJ's prior 2018 decision was vacated by the Appeals Council. *See* [DE 37].   The Court overrules Defendant's Objection. The Court agrees with the Magistrate Judge's analysis and conclusion that, in order to cure the constitutional deficiency, Plaintiff's case had to be assigned to a different ALJ. *See* [DE 36] at p. 5.

### IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Magistrate Judge's Report and Recommendation [DE 36] is hereby **APPROVED**;
2. Defendant's Objections [DE 37] are hereby **OVERRULED**;
3. Plaintiff's Motion for Summary Judgment is hereby **GRANTED**;
4. Defendant's Motion for Summary Judgment is hereby **DENIED**;
5. This matter is hereby **REMANDED** to the Commissioner for reassignment to a different ALJ.

6. The Clerk shall close this case and deny any pending motions as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 19th day of November, 2021.

*[Signature]*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Magistrate Judge Snow
Counsel of record